IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHRISTAL ALLEN, DEBRA HUGHES, )
DASHAY LUVERT, SHAMEKA PAYNE, )
and SELENA SANDOVAL, )
)
                Plaintiffs, )
)
v. )   Case No. 15 C 6523
)
CHICAGO HOUSING AUTHORITY, )
)
                Defendant. )

## MEMORANDUM ORDER

Defendant Chicago Housing Authority ("CHA") has brought this action to this District Court from the Circuit Court of Cook County by a timely notice of removal, with federal subject matter jurisdiction invoked under 42 U.S.C. § 1983 ("Section 1983") because the Complaint in part asserts violations of the Fourth Amendment to the United States Constitution and of the due process clause of the Fourteenth Amendment. Because (as is invariably the situation with removed actions) both sides are already represented by counsel, this Court has set a very early date for the initial status hearing: 9 a.m. September 10, 2015.

This memorandum order is issued sua sponte because the state-court-filed Complaint also seeks relief in its Count IV through "judicial review on certiorari, as provided by common law" (Complaint ¶ 111) and in its Count V, which seeks mandamus relief "[p]ursuant to Article XIV of the Illinois Code of Civil Procedure (Complaint ¶ 114). CHA seeks to bring those claims for relief into the mix via the supplemental jurisdiction provisions of 28 U.S.C. § 1367(a). Because the manner in which those counts are advanced poses a potential question as to this Court's

jurisdiction,[1] this Court anticipates that the litigants' counsel will have done their homework and will be prepared to discuss that subject at the initial status hearing.

In the meantime, however, after this memorandum order was dictated and transcribed in draft this Court received a notice of motion, noticed up for presentment on August 7, in which CHA seeks an extension of time to file a responsive pleading to the Complaint. Because the motion is opposed by plaintiffs' counsel as to the length of time sought by CHA's attorneys, it will be necessary for the parties' counsel to appear at the presentment date. If either or both counsel is or are prepared to speak to the question posed by this memorandum order at that time, this Court would be prepared to hear from them then.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 5, 2015

---

[1] This is not said in Article III "case or controversy" terms, but rather in terms of this Court's proposed exercise of powers conferred on state courts by the state Constitution.